```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION

DOUGLAS V. BLEDSOE, #276440,    *
                                *
     Plaintiff,                 *
                                *
vs.                             *   CIVIL ACTION NO:14-00012-WS-B
                                *
BRENDA KING,                    *
                                *
     Defendant.                 *
```

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate who is proceeding *pro se*, filed the instant action under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review, it is recommended that this action be transferred to the United States District Court for the Middle District of Alabama.

In his complaint, Plaintiff avers that he is currently incarcerated at Draper Correctional Facility, which is located in Elmore, Alabama. Elmore, Alabama lies within Elmore County, which falls within the Middle District of Alabama. In his complaint, Plaintiff names as Defendant, Captain Brenda King, and asserts that she works at the Draper Correctional Facility. According to Plaintiff, Defendant King made a false statement against him and initiated a false charge against him in connection with an assault that never occurred. (Doc. 1 at 5).

Plaintiff contends that another inmate, Bradley Strickland, was taken to the hospital when he became light headed during his shower and passed out. (Id., at 8). According to Plaintiff, when Captain King arrived at the facility she began an investigation into Strickland's accident after which she made a false arrest of Plaintiff and testified that upon his return from the hospital, Strickland identified Plaintiff as his attacker. (Id., at 8). As a result of Captain King's investigation, Plaintiff was placed in the segregation unit. (Id.). Plaintiff further asserts that Captain King's statement that Strickland identified Plaintiff is false and is contradictory to Strickland's statement that he passed out in the shower. (Id., at 9). In support thereof, Plaintiff contends that Strickland agreed to help him "fight his case, due to the fact of [Strickland] not being assaulted." (Id.). Plaintiff seeks "compensation" as damages. (Id., at 7).

A § 1983 action may be brought in --

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided

2

>    in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); see New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action).

Under 28 U.S.C. § 1406(a), when a complaint is filed laying venue in the wrong district, a district court may dismiss or, in the interests of justice, may transfer that action to any district in which it could have been brought. In applying § 1406(a), "the decision whether to transfer a case is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion." Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 985 (11th Cir. 1982); Minnette v. Time Warner, 997 F.2d 1023, 1026 (2nd Cir. 1993) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."). "Generally, the interests of justice [favor] transferring a case to the appropriate judicial district rather than dismissing it." Simpson v. Federal Bureau of Prisons, 496 F. Supp.2d 187, 194 (D.D.C. 2007); see also Kapordelis v. Danzig, 387 Fed. App'x 905 (11th Cir. 2010) (If a case is filed in the wrong district, the court must dismiss the case, or, in the interests of justice, transfer the case to any district in which it could have been

brought); Gadson v. Unnamed Defendant, 2009 U.S. Dist. LEXIS 1176 (N.D. Ga. Jan. 9, 2009) (When venue is improper, the court may, in the interest of justice, transfer the case to a district court in which it could have been brought).

As noted, Plaintiff is claiming false statement and false arrest in connection with his incarceration in Elmore, Alabama, and has named one Defendant, Brenda King, who is identified as a Captain at Draper Correctional Facility in Elmore, Alabama. The Court takes judicial notice of the fact that the Draper facility is located in Elmore, Alabama, which, in turn, is located in Elmore County, Alabama. The Court further observes that Elmore County falls within the Middle District of Alabama. Accordingly, pursuant to 28 U.S.C. § 1391(b), the proper venue for this action is the Middle District of Alabama. Rather than recommending dismissal, the undersigned finds that, in the interests of justice, this action should be transferred to the United States District Court for the Middle District of Alabama. It is so recommended.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **January, 2014.**

                                                    **/s/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**